**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4129**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

LLOYD PRESTON KNIGHT,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.   Norman K. Moon, District Judge.  (3:07-cr-00031-nkm-5)

Submitted:  April 21, 2010            Decided:  May 27, 2010

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph G. Painter, Jr., JOSEPH GRAHAM PAINTER, JR., P.C., Blacksburg, Virginia, for Appellant.  Ray Burton Fitzgerald, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Lloyd Preston Knight pled guilty to conspiracy to possess with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Knight to 121 months' imprisonment, a sentence at the low end of his advisory Guidelines range. Knight's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal, but questioning whether the district court erred in finding the relevant conduct necessary to support its calculation of Knight's advisory sentencing range. Though advised of his right to do so, Knight has not filed a pro se supplemental brief. The Government declined to file a brief.

Pursuant to Anders, we have thoroughly reviewed the record, and first conclude that the district court complied with the mandates of Federal Rule of Criminal Procedure 11 in accepting Knight's guilty plea, ensuring that Knight entered his plea knowingly and voluntarily and that the plea was supported by an independent factual basis. See United States v. Vonn, 535 U.S. 55, 62 (2002); United States v. Mastrapa, 509 F.3d 652, 659-60 (4th Cir. 2007). Accordingly, we affirm Knight's conviction.

We review Knight's sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

Knight asks this court to review the district court's relevant conduct determination. At sentencing, Knight vigorously contested the probation officer's finding that he was accountable for between 50 and 150 grams of "ice" methamphetamine, as opposed to a mixture or substance containing a detectable amount of methamphetamine. However, the Government presented testimony detailing Knight's repeated admissions to buying and selling "ice." Accordingly, we find the Government amply satisfied its burden of proving the relevant conduct by a

3

preponderance of the evidence.  See United States v. Grubbs, 585 F.3d 793, 799 (4th Cir. 2009) ("[A] sentencing court may consider uncharged . . . conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence.").

Our review of Knight's presentence report and the sentencing transcript leads us to conclude the district court properly calculated Knight's advisory Guidelines range, and committed no plain procedural error in sentencing Knight.  See United States v. Lynn, 592 F.3d 572, 576-78, 580 (4th Cir. 2010).  Moreover, we will afford Knight's within-Guidelines sentence a presumption of substantive reasonableness.  See United States v. Wright, 594 F.3d 259, 267 (4th Cir. 2010); see also Rita v. United States, 551 U.S. 338, 347 (2007) (upholding rebuttable presumption of reasonableness for within-Guidelines sentence).  For these reasons, we affirm Knight's sentence.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm the district court's judgment.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

4

withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED